# N. Y. SUPERIOR COURT.

## SHERIDAN SHOOK & ALBERT M. PALMER agt. AUGUSTIN DALY, HORACE WALL & MORRIS SIMMONS.

*Injunction restraining defendants from representing a play called "Rose Michel" continued.*

The court comes to the conclusion, from the evidence given, that no right, in respect to the play called "Rose Michel," passed to the defendant Daly.

The court was of opinion, upon the examination of the original manuscripts, that the defendants' objection that the play of "Rose Michel" was an immoral production could not be sustained, and that a court of equity could sustain the plaintiffs' rights therein by injunction.

The complaint in this case not appearing to be demurrable, and in view of the steps taken by the defendants in the action, and the provisions of the Code in reference to demurrers and to applications to strike out and to make pleadings more definite and certain, the objection that the complaint is demurrable can hardly be sustained.

If, as the defendant Daly states, he has substantially constructed a new and original play in the place of "Rose Michel," it is no answer to this application for an injunction. The author and his assignees, whether citizens or aliens, as far as the manuscripts and their rights therein are concerned, are protected by the law, and these rights cannot be impaired or infringed upon, either directly or indirectly.

*Special Term, September,* 1875.

THE defendants appear to show cause why an injunction restraining them from representing a play called "Rose Michel" should not be continued during the pendency of the action.

*A. J. Dittenhoefer & C. W. Brooke,* for plaintiffs.

*Wm. D. Booth & Thomas Wm. Clark,* for defendants.

Shook agt. Daly.

CURTIS, *J.* — The play was written in French by Ernest Blum. The plaintiffs allege that it has never been published, and that the author sold the original manuscripts thereof, in the French and English languages, to one Michaelis, who, on the 11th of March, 1875, sold the same to the plaintiffs, for the United States, except New England. This statement of the plaintiffs is confirmed by affidavits of Michaelis and the author.

The defendants claim that early in February, 1875, one L. M. Bayliss purchased the English translation of the play from Michaelis, in Paris, and that Bayliss employed one Wall to sell the same for the United States, and that he came to New York and sold it to the defendant Daly. All parties concede that the title was originally in Michaelis. The plaintiffs produce a bill of sale of the two manuscripts from Michaelis to Shook, dated March 11th, 1875, and acknowledged April 5th, 1875.

The defendants produce the affidavit of Mr. Wall, stating the purchase by Bayliss of the English version, in February, 1875. His affidavit fails to show that he was personally present in Paris at the time of such alleged sale to Bayliss, or that he in reality had any other knowledge as to whether such sale was made except from what Bayliss told him. No affidavit from Bayliss is produced, and the statement of the sale of the manuscript to Bayliss does not appear to me to be corroborated by any statements of other parties having actual knowledge of any such sale. There is no evidence to show that the defendant Daly has acted otherwise than in good faith, in purchasing the manuscript from Wall; but, from a consideration of all the proofs submitted on the hearing, it seems that the weight of the evidence is against Mr. Bayliss, or his representative, Mr. Wall, acting for the firm of Simmons & Wall, having any right or title in the manuscript that they undertook to convey to Mr. Daly. From what has thus far been disclosed, I must come to the conclusion that no right in respect to the play passed to the defendant Daly.

The defendants further object that the play of "Rose Michel" is an immoral production, and, consequently, that if the plaintiffs have any rights in regard to it, that they are not entitled to be protected in them by the interference of a court of equity. If this play, or any literary production, is of that character, it is no part of the office of this court to protect it by injunction or otherwise. The rights of the author are secondary to the right of the public, to be protected from what is subversive of good morals. But the examination of the original manuscripts fails to show that either version is amenable to this charge.

It is objected by the defendants that the plaintiffs' title is limited to the French manuscript only, and does not embrace the manuscript of the English version. But both manuscripts are distinctly specified in the bill of sale from Michaelis to Shook, and this transfer seems to have been ratified by Mr. Blum, the author. In the affidavits of Michaelis and Blum, the play is simply designated as "Rose Michel;" but it is apparent that it was not the intention of the vendor or the purchaser that merely the French version was transferred for representation in the United States, and this interpretation cannot be justly given to the transfer.

It is claimed that the complaint is demurrable for multifariousness and otherwise, and that, therefore, the injunction should not be granted. The defendant Daly has answered, and the other defendants have read an answer as an affidavit, stating that they reserved the right to demur. The purport of the complaint is that the plaintiffs own the manuscripts of the play, and that the defendants are interfering with and prejudicing their rights in various ways. It does not appear that the complaint is demurrable; and in view of the steps taken by the defendants, and the provisions of the Code in reference to demurrers and to applications to strike out and to make pleadings more definite and certain, this objection can hardly be sustained.

The defendant Daly states that he has substantially con-

Shook agt. Daly.

structed a new and original play in the place of "Rose Michel." If that has been done, it is no answer to this application for an injunction. The author and his assignees, be they citizens or aliens, as far as the manuscripts and their rights therein are concerned, are protected by the law, and these rights cannot be impaired or infringed upon, either directly or indirectly (*Palmer* agt. *De Witt*, 47 N. Y., 532).

The injunction is continued during the pendency of the action, with ten dollars costs of motion to the plaintiffs.